**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

C.H. Robinson Company, Civil No. 01-1306 (DWF/SRN)

Petitioner/Appellant,

v. **ORDER**

Jasco, LLC,

Respondent/Appellee,

and

Koam Produce, Inc.,

Respondent/Appellee.

---

Ben G. Campbell, Esq.,Rider, Bennett, Egan & Arundel, 2000 Metro Center, 333 South Seventh Street, Minneapolis, MN 55402, appeared on behalf of Petitioner/Appellant.

---

The above-entitled matter came on for the undersigned Judge of the United States District Court for the District of Minnesota on January 25, 2002, on Petitioner/Appellant C.H. Robinson Company's Motion for Default of Judgment. Based upon all the files, records and proceedings herein, specifically including the pleadings served and filed with the court and the arguments of counsel,

**IT IS HEREBY ORDERED:**

1. That judgment be entered in favor of Petitioner/Appellant C.H. Robinson Company and against Appellees Jasco, LLC, and Koam Produce, Inc., and

FILED JAN 25 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JAN 25 2002
DEPUTY CLERK

2. That the administrative decision and order of the Secretary of Agriculture which was entered on June 20, 2001, in a matter entitled *Jasco, LLC v. C.H. Robinson Company and/or Koam Produce, Inc.*, Paca Docket R-01-111 is hereby vacated in all respects.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 25, 2002

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995